IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DONNA L. ISLER,

    Plaintiff,

v.                                                 CASE NO. 1:10-cv-00178-MP -GRJ

BANKERS LIFE AND CASUALTY COMPANY,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 11, First Motion to Remand to State Court by Donna L. Isler. Defendant has responded, Doc. 13. The Court scheduled a hearing for November 23, 2010, to discuss the motion. Mr. Bauer, counsel for Plaintiff, failed to attend the November 23, 2010 hearing. Consequently, the Court re-scheduled the hearing for December 15, 2010, and requested Ms. Taylor, counsel for Defendant, to submit an affidavit outlining her fees and costs to prepare for and attend the unsuccessful November 23, 2010 hearing. Ms. Taylor complied, Doc. 18, and Plaintiff submitted written objections as requested, Doc. 20. A hearing has been held on both the Motion to Remand and the motion for costs and fees, at which both parties were represented.

A party seeking to remove a matter to federal court based on diversity jurisdiction bears the burden of establishing jurisdiction and must establish the amount in controversy by a preponderance of the evidence. Black v. State Farm Mutual Automobile Ins. Co., 2010 WL 4340281, at *1 (S.D. Fla. Oct. 22, 2010). As to Plaintiff's allegations of amount in controversy, the Complaint only specifies that the "amount in controversy exceeds $15,000.00" as an

assertion of jurisdiction. Doc. 1, Ex. 1, ¶ 3 "Jurisdictional Statement." In the Eleventh Circuit, where the plaintiff has failed to claim a specific amount of damages, "the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought." Roe v. Michelin North America, Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (citations omitted). It is often the defendant or the court itself that is "better-suited to accurately assess the amount in controversy." *Id.*

As Defendant has shown, the maximum benefits allowed for a benefit period under the insurance policy in controversy here is $146, 000. That is the "maximum benefit for any one period of expense." Doc. 1, ¶ 14. Defendant has further shown that Plaintiff's complaint seeks essentially to open another benefit period beyond the benefits Plaintiff has already received under the insurance policy at issue. Additionally, Defendant has noted that Plaintiff is suing for attorney fees under Section 624.155(4) of the Florida Statutes, which raises the amount in controversy significantly.

In the Eleventh Circuit, "[w]hile a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim." *See* Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (citing Wright & Miller, 14A Federal Practice and Procedure, §3702 ("[p]laintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy.")). At the December 15, 2010 hearing, Plaintiff was unable or unwilling to limit recovery to $75,000 or less. Therefore, this Court finds that Defendant has met its burden of proving the amount in controversy here exceeds $75,000.

Fees and costs incurred by Defendant for the unsuccessful November 23, 2010 hearing were also discussed at the December 15, 2010 hearing. Ms. Taylor was allowed to attend the

December 15, 2010 hearing telephonically, rather than having to travel again to Gainesville, which effectively balanced out, or offset, the travel expenses for the earlier hearing.  Mr. Bauer did express that two hours preparation time would be expected for a hearing such as this one, and that he would be willing to pay that much in fees..

Finally, Mr. Bauer expressed concern that adjudicating this case would take longer in federal court than state court, and that Plaintiff would like it resolved as quickly as possible. This Court is prepared to schedule this case for trial immediately upon completion of discovery, the length of which is subject to agreement by the parties at the R. 26 scheduling conference.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. Motion to Remand, Doc. 11, is DENIED.

2. Motion for Attorney Fees and Costs, Doc. 18, is GRANTED IN PART.  Mr. Bauer is directed  to reimburse Defendant's counsel $480 in attorney fees.

**DONE AND ORDERED** this   *16th* day of December, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge