**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

DONNA L. ISLER,

    Plaintiff,

v.                                                      CASE NO. 1:10cv178-MP-GRJ

BANKERS LIFE AND CASUALTY
COMPANY,

    Defendant.
_____/

**O R D E R**

    This cause comes on for consideration upon the magistrate judge's Report and Recommendation dated. (Doc. 39). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a de novo determination of any timely filed objections. Having considered the Report and Recommendation, and defendant's objections thereto timely filed, I have determined that the Report and Recommendation should be adopted.

    In the Report and Recommendation, the magistrate judge found that plaintiff put at issue whether she met the eligibility requirements for receiving home health care benefits because the work logs from Comfort Keepers - a company that supplies workers to assist elderly people in their homes - showed she needed assistance with at least two activities of adult daily living[1] and recommended that the undersigned deny defendant's motion for summary judgment on Counts 1, 2 and 4.

---

[1] Under the policy, the inability to engage in two or more activities of adult daily living would satisfy the "functional incapacity" eligibility requirements.

The insurance company objected and argued that, even if plaintiff did need and receive this assistance, the company is not required to pay benefits because the policy requires that Comfort Keepers <u>certify</u> the plaintiff's need for the assistance within the preceding 12-month period.  On plaintiff's Plan of Care dated November 10, 2009, a registered nurse at Comfort Keepers handwrote, "per conversation with the client, Comfort Keepers will <u>not</u> be providing personal care!" (Emphasis in original). (*See* attach. 7 to doc. 30).  A subsequent Plan of Care dated January 14, 2010, only listed one activity of daily living in which plaintiff required assistance, i.e. showering. (*See* attach. 8 to doc. 30).  The insurer insists the Plan of Care[2] is the only way that Comfort Keepers can certify the need for assistance in two activities of daily life.  The court disagrees.

The policy provides that before benefits will be payable for a Family Member's Covered Expenses, "a Licensed Health Care Practitioner must <u>certify</u> that expenses for Qualified Long-Term Care Services are needed because a Family Member is Chronically Ill." (Emphasis added).  By policy definition, "Chronically Ill" means a Family Member has been "certified" by a Licensed Health Care Practitioner within the preceding 12 month period as being Functionally Incapacitated for a period expected to last at least 90 days or having a Cognitive Impairment.  Nowhere in the policy is the term "certify" defined, nor are there any procedures or requirements for certification listed.  Indeed, the policy is ambiguous regarding how Comfort Keepers should have certified the insured as chronically ill.  It is equally unclear that a Plan of Care is the only method of certification.  For example, in the General Definition section, the policy defines Qualified Long-Term Care Services as being needed by a chronically ill family member and under a plan of care.  Shortly following, the policy reads that before benefits can be paid "(1) a Licensed Health Care Practitioner must certify that expenses for Qualified Long-Term Care Services are needed because a Family Member is Chronically Ill; and (b) the Elimination Period, if any, must be satisfied." (Doc 30, attach. 1 at 4 (page 7 of the PDF)).  The latter provision arguably only

---

[2] The term "Plan of Care" is defined under the policy as "a written program of care prescribed for a Chronically Ill Family Member."  Ironically, the plain interpretation of this definition suggests that if a Plan of Care is prescribed, the subject individual is chronically ill.

*Case No: 1:10cv178-MP-GRJ*

requires certification that expenses for a Qualified Long-Term Care Service are needed by a chronically ill member, and that the elimination period is met—thus a Plan of Care is not the only method of certification.

Additionally, defendant's position that eligibility depends on a certified Plan of Care is arguably inconsistent with letters defendant sent to plaintiff dated 02/12/2010, 05/20/2010, and 06/15/2010. (Doc 1, attach. 1 (pages 29, 32, 33 of the PDF)). Each of those letters denies plaintiff's claims for expenses paid to Comfort Keepers. Defendant's reason for denial merely states, "[plaintiff's] Long Term Care insurance states [plaintiff] must meet the policy definition of 'chronically ill' to qualify for benefits. This means [plaintiff] must be functionally incapacitated for a period expected to last 90 days. . ." The letters do not indicate that the denial of eligibility is based on a lack of certification under a Plan of Care. Viewing the evidence in the light most favorable to plaintiff, the letters instead seem to support the interpretation that Comfort Keepers only needed to certify: (1) Plaintiff was chronically ill, and (2) the Elimination Period was met.

In Florida "an insurer, as the drafter of an insurance policy, is bound by the language of the policy, which is to be construed liberally in favor of the insured and strictly against the insurer." *Berkshire Life Ins. Co. v. Adelberg*, 698 So.2d 828, 830 (Fla.1997). If there is an ambiguity in an insurance policy, that ambiguity should be construed against the insurer. *Purrelli v. State Farm Fire & Cas. Co.*, 698 So.2d 618, 620 (Fla. 2d DCA 1997). Thus, because there is a dispute in the evidence concerning whether these services were deemed necessary and actually performed and certified, summary judgment in favor of the insurer is not appropriate.

Accordingly, it is now ORDERED as follows:

1. The magistrate judge's Report and Recommendation (doc. 39) is adopted and incorporated by reference in this order.

2. The defendant's motion for summary judgment (doc. 29) is GRANTED in favor of defendant on Count 5, but DENIED as to Counts 1, 2 and 4.

3. Count 3, seeking the statutory civil remedy under Florida Statutes § 624.155 for bad faith, is abated pending a determination of liability on Counts 1, 2 and 4.

4.     This case shall be set for trial by separate order.

**DONE and ORDERED** this 10th day of August, 2012.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**